*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JANET HAUANIO,

        Plaintiff-Appellant,

v

FARMERS INSURANCE EXCHANGE,

        Defendant-Appellee.

UNPUBLISHED
September 14, 2023

No. 362363
Wayne Circuit Court
LC No. 19-013993-NF

Before: LETICA, P.J., and MURRAY and PATEL, JJ.

PER CURIAM.

In this first-party no-fault action for personal injury protection (PIP) insurance benefits arising out of a November 3, 2016 automobile accident, plaintiff, Janet Hauanio, argues that the trial court erred by failing to apply MCL 500.3174, as amended by 2019 PA 21, effective June 11, 2019, when it determined that her claims against defendant, Farmers Insurance Exchange, were time-barred.[1] "PIP benefits accrue when they are incurred, MCL 500.3110(4), and are incurred when the insured receives medical treatment and becomes obligated to pay." *Spine Specialists of Michigan, PC v MemberSelect Ins Co*, __ Mich App __; __ NW2d __ (2023) (Docket No. 358296), slip op at 5. It undisputed that all of the benefits claimed were incurred before the June 11, 2019 effective date of the amendment to § 3174. And there is no support to retroactively apply the 2019 amendment to § 3174 to claims incurred pre-amendment. We affirm.

## I. BACKGROUND

Hauanio filed two lawsuits stemming from the same accident. The first, filed in 2017, included an automobile negligence claim against the at-fault driver and a claim for PIP benefits

---

[1] In a previous appeal before this Court, Hauanio did not dispute that the pre-amendment version of MCL 500.3174 "required her to commence an action against Farmers by September 11, 2019—or within 30 days of receiving notice of the assignment" by the Michigan Automobile Insurance Placement Facility (MAIPF). See *Hauanio v Smith*, unpublished per curiam opinion of the Court of Appeals, issued June 17, 2021 (Docket No. 352441), lv den 509 Mich 931 (2022).

against Progressive Michigan Insurance Company. *Hauanio*, unpub op at 2. This Court explained the background:

> Plaintiff was a passenger in a vehicle driven by defendant Smith when the vehicle was t-boned and plaintiff was injured. Neither plaintiff nor Smith maintained a no-fault insurance policy, although Smith claimed that he resided with his mother, who was insured by Progressive Michigan Insurance Company (Progressive). Eleven months after the accident, plaintiff sent a letter to the Michigan Assigned Claims Plan (MACP) indicating that she believed Progressive had priority to pay her PIP benefits, but that if not, MACP may be responsible. MACP sent a letter in response indicating that it agreed that Progressive was the highest priority insurer, and that plaintiff was therefore ineligible to receive benefits via MACP.
>
> Approximately one month later, plaintiff sued Progressive for PIP benefits. However, in a separate case, Smith also sued Progressive, and in that case, Smith's claim was dismissed on the basis of the trial court's finding that Smith resided with plaintiff and not with his mother, the insured.[2] On the basis of that ruling, Progressive moved for summary disposition under MCR 2.116(C)(10) against plaintiff in this case. Aware that Progressive was likely to succeed on the merits, plaintiff preemptively moved to amend her complaint to add MACP and MAIPF as parties. The trial court granted that motion. In the amended complaint, plaintiff asked the trial court to order MAIPF to assign her claim to an insurer. At the same time, plaintiff asked the trial court to order MAIPF to pay plaintiff's PIP benefits.
>
> MAIPF filed partial motions for summary disposition; one under MCR 2.116(C)(8) and one under MCR 2.116(C)(10). In its first motion, under MCR 2.116(C)(8), MAIPF argued that it is not an insurer, that it is only obligated to assign eligible claims to a member insurer, and that it therefore had no obligation to pay plaintiff's PIP benefits. In its second motion, under MCR 2.116(C)(10), MAIPF argued that plaintiff was ineligible for assignment because she did not send MAIPF an application for benefits within one year of the accident in which she was injured. Ultimately, the trial court granted MAIPF's motion under MCR 2.116(C)(8), but denied MAIPF's motion under MCR 2.116(C)(10). As for MAIPF's motion under MCR 2.116(C)(8), the trial court noted that MAIPF is not an insurer, and so MAIPF cannot pay PIP benefits. As for MAIPF's motion under MCR 2.116(C)(10), although plaintiff had not yet submitted an official application for benefits with MAIPF, the trial court agreed to allow plaintiff one week to file an application. Once plaintiff filed the application, the trial court agreed to dismiss MAIPF's motion under MCR 2.116(C)(10).

---

[2] This Court reversed the trial court's grant of summary disposition in favor of Progressive, concluding that there was a question of fact regarding Smith's residency and thus his entitlement to PIP benefits under Progressive's policy. *Smith v Progressive Marathon Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued July 2, 2020 (Docket No. 345800).

Thereafter, plaintiff submitted her application for benefits to MAIPF, and the trial court dismissed MAIPF's MCR 2.116(C)(10) motion. MAIPF assigned plaintiff's claim to Farmers, and noting that plaintiff was entitled to no further relief from it, MAIPF again moved for summary disposition under MCR 2.116(C)(10). Plaintiff moved to amend her complaint to substitute Farmers for MAIPF in the lawsuit. The trial court denied that motion. First, the trial court noted that plaintiff could not simply substitute Farmers for MAIPF. Substitution under MCR 2.202(B) is appropriate only if there has been a transfer of interest between two parties, and no transfer of interest occurred here. Second, allowing plaintiff to amend her complaint would be futile, because under the one-year-back rule, plaintiff could not recover any damages incurred more than one year before filing her claim against Farmers. And, if plaintiff filed an amended complaint adding new parties, her amended pleading would not relate back to her prior complaint against MAIPF or Progressive. Having denied plaintiff's motion, and with plaintiff no longer having a claim against MAIPF, the trial court dismissed MAIPF and closed the case. [*Hauanio*, unpub op at 2-3.]

Hauanio claimed an appeal and this Court affirmed. *Id*. at 1. Relevant to this appeal, this Court held that the trial court did not abuse its discretion by denying the request to amend the 2017 complaint to add Farmers as a party. *Id*. at 4. This Court concluded that the amendment was futile, but on different grounds than the trial court. Specifically, this Court explained that under the version of MCL 500.3174 in effect when the 2017 action was commenced, once a claimant is notified that his or her claim has been assigned to a servicing insurer, the claimant has only " '30 days after receipt of notice of the assignment or the last date on which the action could have been commenced against an insurer of identifiable coverage applicable to the claim, whichever is later.' " *Hauanio*, unpub op at 5, quoting MCL 500.3174, as enacted by 2012 PA 204.[3] This Court explained that Hauanio did not dispute that she had to file her claim against Farmers within 30 days after receiving notice of the assignment—meaning the claim had to be filed no later than September 11, 2019. *Hauanio*, unpub op at 5. Instead, Hauanio argued that she complied with that requirement by filing suit against MAIPF via the amended complaint filed in February 2019. *Id*. This Court disagreed, explaining that MAIPF and Farmers were not the same party, nor were they privies. *Id*. This Court also rejected Hauanio's argument that commencing suit against MAIPF was equivalent to filing suit against Farmers because the two entities "represent the same interest." *Id*. at 6.

Hauanio attempted to cast her motion to amend as a motion to substitute Farmers for MAIPF under MCR 2.202. *Id*. This Court likewise rejected that claim, explaining that the motion was plainly a motion to amend the complaint to add Farmers, and that in any event, MCR 2.202 was not applicable under the facts of this case. *Id*. at 6-7. This Court concluded by explaining, "because plaintiff failed to commence an action against Farmers within 30 days of receiving notice

---

[3] This Court explained that "plaintiff's claim is governed by the version of the no-fault act . . . existing before June 11, 2019" because the "case was commenced before the June 11, 2019 amendments," and those amendments do not have retroactive effect. *Hauanio*, unpub op at 3-4.

of assignment *any action against Farmers would have been time barred*. For that reason, her amendment would have been futile." *Id*. at 7 (emphasis added).

While the appeal was pending in the 2017 suit, Hauanio filed this action against Farmers on October 21, 2019 for no-fault benefits. Notably, all of the benefits claimed were incurred before the June 11, 2019 effective date of the amendment to MCL 500.3174. In May 2020 (before this Court's decision in *Hauanio*), Farmers filed a motion for summary disposition under MCR 2.116(C)(10). Farmers argued that Hauanio's complaint against Farmers was untimely under MCL 500.3174 and thus time-barred. Alternatively, Farmers maintained that Hauanio's claims for expenses incurred more than one year before the date that the complaint was filed were barred by the pre-amendment version of the one-year-back rule set forth in MCL 500.3145(1).[4] In response, Hauanio argued that the 2019 amendments to MCL 500.3174 and 500.3145(1) applied to her claim because Farmers was assigned her claim after the statutes were amended. This was contrary to the position that Hauanio took in her prior appeal before this Court. Hauanio asserted that her claim was tolled under the post-amendment version of MCL 500.3145(3) because she pursued her claim with reasonable diligence and Farmers had not formally denied her claim. In its reply brief, Farmers contended that the 2019 amendment to § 3145 applied prospectively, not retroactively, to Hauanio's claims and thus she was precluded from applying the post-amendment tolling provisions. Following oral argument, the trial court granted partial summary disposition to Farmers and, applying the post-amendment version of the one-year-back rule,[5] dismissed Hauanio's claims that accrued prior to September 23, 2018.

---

[4] MCL 500.3145 was amended by 2019 PA 21, effective June 11, 2019, and now provides, in relevant part:

> (2) Subject to subsection (3), if the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss, or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.

> (3) A period of limitations applicable under subsection (2) to the commencement of an action and the recovery of benefits is tolled from the date of a specific claim for payment of the benefits until the date the insurer formally denies the claim. This subsection does not apply if the person claiming the benefits fails to pursue the claim with reasonable diligence. [MCL 500.3145(2), (3).]

[5] The trial court acknowledged that there were no published Michigan appellate court cases addressing the application of the 2019 no-fault act amendments, but recognized that there were unpublished decisions from this Court that applied the versions of the no-fault act that were in effect when the cases were commenced. Although those decisions were not binding precedent, MCR 7.215(C)(1), the trial court considered them persuasive and concluded that it would apply the post-amendment version of the no-fault act that was in effect on the date that Hauanio filed this action.

Following this Court's decision in *Hauanio*, Farmer's filed a second motion for summary disposition under MCR 2.116(C)(7) and (C)(10), arguing that Hauanio's suit was untimely under the pre-amendment version of § 3174 because it was filed more than 30 days after receipt of notice of the assignment. Farmers relied on this Court's decision in *Hauanio*, wherein this Court noted that Hauanio did not dispute that the pre-amendment version of § 3174 required her to file suit by September 11 and held "because plaintiff failed to commence an action against Farmers within 30 days of receiving notice of assignment any action against Farmers would have been time barred." *Id*. at 5, 7. In response, Hauanio contended that post-amendment version of § 3174 applied, but she did not provide any argument or analysis to support that the amendment applied retroactively to her claims that were incurred before the effective date of the amendment. Nor did she address her concessions in *Hauanio* that the pre-amendment version of § 3174 applied. Instead, she simply analyzed her claim under the post-amendment version of § 3174 and § 3145. Concluding that the issue "actually has been decided already by the Court of Appeals" in *Hauanio* and that Hauanio's claim is governed by the pre-amendment version of the no-fault act, the trial court granted Farmer's motion for summary disposition. This appeal followed.

## II. ANALYSIS

Hauanio contends that the trial court erred by granting Farmers' motion for summary disposition under MCR 2.116(C)(10) on the basis that the pre-amendment version of MCL 500.3174 barred her claims. We disagree.

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). When reviewing a motion for summary disposition under MCR 2.116(C)(10), a trial court must consider the evidence submitted by the parties in the light most favorable to the non-moving party and may only grant the motion if there is no genuine issue of material fact. *El-Khalil*, 504 Mich at 160. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (cleaned up). We review underlying issues of statutory interpretation and retroactive application of amended statutes de novo. *Buhl v City of Oak Park*, 507 Mich 236, 242; 968 NW2d 348 (2021). "When interpreting and applying a statute, a court's primary goal is to ascertain and give effect to the Legislature's intent." *Miclea v Cherokee Ins Co*, 333 Mich App 661, 666-667; 963 NW2d 665 (2020).

Before its amendment, MCL 500.3174 provided, in relevant part, "[a]n action by the claimant shall not be commenced more than 30 days after receipt of notice of the assignment or the last date on which the action could have been commenced against an insurer of identifiable coverage applicable to the claim, whichever is later." MCL 500.3174, as amended by 2012 PA 204. In this case, it is undisputed that Hauanio would have had to file an action against Farmers by September 11, 2019 to comply with the pre-amendment version of § 3174. *Hauanio*, unpub at 5. Because her complaint was filed on October 21, 2019, it would be untimely under the pre-amendment version of § 3174. But MCL 500.3174 was amended by 2019 PA 21, effective June 11, 2019, and the 30-day time limit was eliminated. Instead, § 3174 now provides, in relevant part, "[a]n action by a claimant must be commenced as provided in [MCL 500.]3145." "Statutes are presumed to apply prospectively unless the Legislature clearly manifests the intent for retroactive application." *Johnson v Pastoriza*, 491 Mich 417, 429, 818 NW2d 279 (2012).

-5-

Hauanio argues that the 2019 amended version applies to her claim because MAIPF assigned her claim to Farmers on August 1, 2019, which was after the effective date of the amendment. "Generally, whether a statute applies depends upon the date on which the cause of action arose." *Spine Specialists,* __ Mich App at __; slip op at 4. "The substantive rights and liabilities of the parties are determinable according to the law as it stood when the causes alleged by the plaintiff accrued." *Id*. at __; slip op at 4 (cleaned up). Hauanio's claim is for PIP benefits. "PIP benefits accrue when they are incurred, MCL 500.3110(4), and are incurred when the insured receives medical treatment and becomes obligated to pay." *Id*. at __; slip op at 5. Hauanio's claim concerns bills for care that was rendered before June 11, 2019. At the time that Hauanio's claims accrued, the pre-amendment version of § 3174 was in effect. In fact, Hauanio did not dispute this in her prior appeal. *Hauanio*, unpub at 5. The amendment did not take effect until June 11, 2019, which was after Hauanio's claims accrued.

The only way for Hauanio's claim to survive is if the 2019 amendment to § 3174—which occurred after her claims accrued—applies retroactively. "When determining whether a statute should be applied retroactively or prospectively, the primary and overriding rule is that legislative intent governs. All other rules of construction and operation are subservient to this principle." *Buhl*, 507 Mich at 243-244 (cleaned up). Our Supreme Court set forth the legal framework for determining whether an amendment should be applied retroactively:

> Retroactive application of legislation " 'presents problems of unfairness . . . because it can deprive citizens of legitimate expectations and upset settled transactions.' " We have therefore required that the Legislature make its intentions clear when it seeks to pass a law with retroactive effect. In determining whether a law has retroactive effect, we keep four principles in mind. First, we consider whether there is specific language providing for retroactive application. Second, in some situations, a statute is not regarded as operating retroactively merely because it relates to an antecedent event. Third, in determining retroactivity, we must keep in mind that retroactive laws impair vested rights acquired under existing laws or create new obligations or duties with respect to transactions or considerations already past. Finally, a remedial or procedural act not affecting vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute. [*LaFontaine Saline, Inc v Chrysler Group, LLC*, 496 Mich 26, 38-39; 852 NW2d 78 (2014) (citations omitted).]

First, nothing in the language of MCL 500.3174 suggests that the Legislature intended that the law apply retroactively. In fact, the amendment to § 3174 was given immediate effect on June 11, 2019 and the Legislature did not state that it applied to claims that previously accrued. As our Supreme Court has explained, "the Legislature has shown on several occasions that it knows how to make clear its intention that a statute apply retroactively." *Frank W Lynch & Co v Flex Technologies, Inc*, 463 Mich 578, 584; 624 NW2d 180 (2001). The amendment appears to be prospective on its face and the first *LaFontaine* factor does not support retroactive application.

Next, § 3174 does not directly relate to an antecedent event. While the amended statute indirectly relates to antecedent automobile accidents and injuries, which triggered Hauanio's rights to make a claim for PIP benefits through the MAIPF, this is not enough on its own to render the statute retroactive as to the deadline to make a claim. See *Andary v USAA Casualty Ins Co*, __

-6-

Mich __, __; __ NW2d __ (2023) (Docket No. 164772); slip op at 35; *LaFontaine*, 496 Mich at 40 ("A statute's relation to a prior event alone will not render the statute retroactive.").

Under the third *LaFontaine* factor, we must consider that retrospective laws can "impair vested rights acquired under existing laws or create new obligations or duties with respect to transactions or considerations already past." *LaFontaine*, 496 Mich at 39. Hauanio previously attempted to amend her 2017 complaint to add Farmers, but she did not dispute that in order to properly maintain an action against Farmers, she would have had to file the action by September 11, 2019 under the pre-amendment version of § 3174. *Hauanio*, unpub at 5. This Court ultimately concluded "because [Hauanio] failed to commence an action against Farmers within 30 days of receiving notice of assignment *any action against Farmers would have been time barred*. For that reason, her amendment would have been futile." *Id.* at 7 (emphasis added). Now Hauanio is attempting to use the post-amendment version of § 3174 to expand her rights and, potentially, resurrect a cause action that was undisputedly time-barred. Retroactive application of the post-amendment version of §3174 would effectively rewrite history. Accordingly, we conclude that the third *LaFontaine* factor does not favor retroactive application of the post-amendment version of § 3174.

Under the fourth *LaFontaine* factor, if a statute can be characterized as merely remedial or procedural, it is generally given retroactive application. *LaFontaine*, 496 Mich at 39. But statutes of limitations that have completely run, as in this case, do not fall into the "remedial-procedural exception to prospective application." *Davis v State Employees Retirement Bd*, 272 Mich App 151, 162; 725 NW2d 56 (2006). Accordingly, the fourth factor does not support retroactive application of the post-amendment version of § 3174 to Hauanio's claims.

We conclude that the trial court did not err by holding that the pre-amendment version of § 3174 applied and thus Farmers was entitled to summary disposition.[6]

Affirmed.

/s/ Anica Letica
/s/ Christopher M. Murray
/s/ Sima G. Patel

---

[6] Because we conclude that Hauanio's claims are time-barred under the pre-amendment version of § 3174, her remaining arguments regarding the one-year-back rule are moot and thus is it unnecessary for us to address them.