564 N.W.2d 463 (1997)
ESTATE OF Baby Girl McDOWELL, Deceased, and Estate of Baby Boy McDowell, Deceased, by Monica Thomas, Personal Representative, Plaintiff-Appellee,
v.
James W. STUBBS, M.D., Defendant-Appellant.
No. 107028, COA No. 174778.
Supreme Court of Michigan.
June 26, 1997.
On order of the Court, the application for leave to appeal is considered and, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REINSTATE the judgment of the Wayne Circuit Court. As the Court of Appeals noted: "... plaintiff did not dispute that the twins were not viable at the time of delivery; rather she focused on her claim that they were `born alive.'" 218 Mich.App. 46, at 48, 553 N.W.2d 634 (1996). Since at least 1975 it has been held that a non-viable fetus is not a "person" within the meaning of the Wrongful Death Act. See Toth v. Goree, 65 Mich.App. 296, 237 N.W.2d 297 (1975) and M.C.L. § 600.2922(1); M.S.A. § 27A.2922(1).
MICHAEL F. CAVANAGH, Justice, states as follows:
I dissent from this Court's peremptory reversal of a thoughtful, unanimous opinion of the Court of Appeals on a significant legal issue of first impression. As urged by Justice LEVIN in People v. Selwa, 214 Mich.App. 451, 543 N.W.2d 321 (1995), lv. den. 453 Mich. 934, 557 N.W.2d 307 (1996), I would grant leave.
Under these facts, I cannot say that the analysis of the Court of Appeals is clearly erroneous. The actual basis of plaintiff's complaint is that the defendant failed to diagnose and treat an incompetent cervix. On this record, that is the only reason these babies were born prematurely. There does not appear to be any contention by defendant that the babies were congenitally nonviable.
The "born-alive" rule was followed by the Court of Appeals in People v. Guthrie, 97 Mich.App. 226, 293 N.W.2d 775 (1980), lv. den. 417 Mich. 1006, 334 N.W.2d 616 (1983), again in Selwa, supra, and by the unanimous panel in this case. Furthermore, the case cited by my colleagues in their peremptory order, Toth v. Goree, 65 Mich.App. 296, 237 N.W.2d 297 (1975), did not depart from the "born-alive" rule in the context of the Wrongful Death Act. The majority of that Court of Appeals panel held, at p. 304, 237 N.W.2d 297: "[W]e hold a three-month-old infant en ventre sa mere, not born alive, is not a `person' within the wrongful death act." In fact, the dissent in Toth would have allowed the cause of action even though the fetus was nonviable and not "born alive."
I am persuaded, especially in light of the legislative reluctance to date to step forward with a specific definition of "person" under these circumstances, that it is entirely inappropriate for this Court, without the benefit of further briefing and oral argument, to reach out and peremptorily reverse with no proffered rationale.