*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

CENTRIA HOME REHABILITATION, LLC,

       Plaintiff-Appellant,

v

ALLSTATE INSURANCE COMPANY,

       Defendant-Appellee.

UNPUBLISHED
October 26, 2023

No. 363699
Oakland Circuit Court
LC No. 2021-189203-NF

Before: K. F. KELLY, P.J., and JANSEN and CAMERON, JJ.

PER CURIAM.

In this case arising under Michigan's no-fault insurance act, MCL 500.3101 *et seq.*, plaintiff, Centria Home Rehabilitation, LLC ("Centria"), appeals as of right the order granting summary disposition in favor of defendant, Allstate Insurance Company ("Allstate"), under MCR 2.116(C)(10) (no genuine issue of fact). We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Allstate's insured, Linda Frisch, was seriously injured in a December 1, 2018 motor vehicle accident. Frisch's injuries left her unable to care for herself. As a result, Centria hired Frisch's daughter, Diana Irons, to provide attendant care services to Frisch. Centria paid Irons a rate of $10 per hour. Frisch assigned to Centria her right to payment for personal protection insurance (PIP) benefits. Centria billed Allstate for these services at an hourly rate which exceeded Irons's $10 per hour. Allstate partially paid the bill.

Centria filed a complaint seeking payment for the unpaid portion. Allstate moved for summary disposition, arguing that the assignment from Frisch to Centria allowed Centria to collect PIP benefits provided to Frisch. The assignment, however, did not establish liability against Frisch for the increased hourly rate billed to Allstate. According to Allstate, summary disposition was appropriate because there was no evidence Frisch incurred charges at the increased rate. The trial court agreed and granted summary disposition. Centria moved for reconsideration, but the trial court denied the motion. This appeal followed.

## II. PIP BENEFITS

Centria argues the trial court erred in granting summary disposition because it was allowed to pursue collection of the unpaid portion of Frisch's PIP benefits. We disagree.

## A. STANDARD OF REVIEW

Allstate moved for summary disposition under MCR 2.116(C)(10), which we review de novo. *Douglas v Allstate Ins Co*, 492 Mich 241, 256; 821 NW2d 472 (2012). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Courts should view the facts in a light most favorable to the nonmoving party and "[w]here the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Id*. Under the burden-shifting framework of this rule:

> [T]he moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists. Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [*Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996) (citations omitted).]

Further, this case involves the interpretation of an assignment agreement. Assignment agreements are considered contracts, and must be interpreted as such. *Burkhardt v Bailey*, 260 Mich App 636, 653; 680 NW2d 453 (2004). "When contractual language is unambiguous, courts must interpret and enforce the language as written because an unambiguous contract reflects, as a matter of law, the parties' intent." *Harper Woods Retirees Ass'n v City of Harper Woods*, 312 Mich App 500, 508; 879 NW2d 897 (2015).

## B. LAW AND ANALYSIS

A threshold question in this case is the applicable version of the no-fault act. Our Legislature made substantial changes to the no-fault act, which became effective June 11, 2019. 2019 PA 21. Absent explicit language to the contrary, statutes are presumed to operate prospectively. See *Johnson v Pastoriza*, 491 Mich 417, 429; 818 NW2d 279 (2012). Because the applicable statutes do not include any explicit language directing retroactive effect, the former version of the no-fault act applies to this case.

Centria argues on appeal that it has an independent right of action under MCL 500.3112. The earlier version of MCL 500.3112 did not include an independent right of action for healthcare

providers.[1]  But, section 3112 was later amended and, effective June 11, 2019, healthcare providers were permitted to "make a claim and assert a direct cause of action against an insurer, or under the assigned claims plan under sections 3171 to 3175, to recover overdue benefits payable for charges for products, services, or accommodations provided to an injured person."  MCL 500.3112. Because the claim arose in 2018, the former version of the statute applies, and there is no independent right of action under which Centria can recover.  See discussion *supra*.

Before the amendments to the no-fault act, healthcare providers could seek payment for PIP benefits only via an assignment from the injured party to the provider.  See *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 217 n 40; 895 NW2d 490 (2017) ("[O]ur conclusion today is not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider.").

Here, Frisch executed an assignment agreement to Centria which read, in part:

> By accepting services from Centria Home Rehabilitation LLC I and/or representatives specifically acknowledge Centria Home Rehabilitation LLC has incurred charges for medical services for which payment is due or is past due under a policy of insurance.  I further acknowledge that these services were provided for my benefit and for my care, recovery, and rehabilitation in exchange for the services provided, Assignor acknowledges and grants an assignment of any right to enforce payment of charges due or past due for medical services, from any policy of insurance, including but not limited to both health insurance and no-fault insurance. This assignment shall include . . . the right to file a lawsuit to enforce the payment of benefits due or past due, and the right to pursue all Assignee's rights to interest and attorney fees that may be part of the available right under any lawsuit.  Assignor acknowledges that Assignee has not only provided such medical services upon a promise of payment by Assignor, and Assignor's grant of this security interest, but Assignee may also assume the burden of enforcement of payment obligations for charges, no-fault interest, and attorney fees.  This is an assignment to a health-care

---

[1] This earlier version stated, in part:

> Personal protection insurance benefits are payable to or for the benefit of an injured person or, in case of his death, to or for the benefit of his dependents. Payment by an insurer in good faith of personal protection insurance benefits, to or for the benefit of a person who it believes is entitled to the benefits, discharges the insurer's liability to the extent of the payments unless the insurer has been notified in writing of the claim of some other person.  If there is doubt about the proper person to receive the benefits or the proper apportionment among the persons entitled thereto, the insurer, the claimant or any other interested person may apply to the circuit court for an appropriate order.  The court may designate the payees and make an equitable apportionment, taking into account the relationship of the payees to the injured person and other factors as the court considers appropriate. [MCL 500.3112, as amended by 2019 PA 21.]

provider of a health-care insurance receivable and any right to payment on all charges by any account debtor insurer. This assignment shall be irrevocable.

Under the plain terms of this agreement, Frisch acknowledged that she incurred some expenses for her treatment, and that Centria could seek reimbursement for any allowable expenses. Thus, Centria was permitted to stand in Frisch's shoes and pursue a claim against Allstate for Frisch's PIP expenses.

Allstate moved for summary disposition, arguing the increased hourly rate was not an allowable expense because it was not "incurred" by Frisch. An incurred expense "requires some degree of liability that exists as a result of the insured's actually having received the underlying goods or services." *Douglas*, 492 Mich at 267. In other words, "the insured must have an obligation to pay the attendant-care-service providers for their services." *Burris v Allstate*, 480 Mich 1081, 1085 (2008) (CORRIGAN, J., concurring). In support of its assertion that the increased hourly rate was not an incurred expense, Allstate attached Irons's deposition testimony stating she was paid $10 per hour to care for Frisch. This evidence established that Frisch's incurred expenses included the wages paid to Irons for personal care services. Allstate also attached the pay logs showing the difference between what Centria charged Allstate and what Allstate actually paid, to demonstrate that Allstate was billed for services that were not incurred by Frisch.

The burden then shifted to Centria to show at least a question of fact whether Frisch incurred expenses related to the increased hourly rate. But Centria's response to the motion for summary disposition did not provide any documentary support for the difference in the hourly rate billed to Allstate. Instead, Centria argued that it was entitled to seek compensation on Frisch's behalf. As discussed, this is not in dispute because the plain terms of the assignment agreement permitted Centria to pursue reimbursement from Allstate. At issue here is whether Frisch actually incurred the expenses related to the increased hourly rate. Because Centria failed to provide any documentary evidence in support of the increased hourly rate, it failed to meet its burden as the nonmoving party. Thus, summary disposition was warranted because Centria did not establish a genuine question of fact.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Kathleen Jansen
/s/ Thomas C. Cameron